[S. F. No. 14554. In Bank.—January 16, 1933.]

HARRY F. DAVIS, Appellant, v. W. F. CHIPMAN, as Trustee, etc., Respondent.

THOMAS B. DOZIER, Jr., Appellant, v. W. F. CHIPMAN, as Trustee, etc., Respondent.

Frederick L. Berry and Christian F. Kimball for Appellants.

Cushing & Cushing and W. C. Sharpsteen for Respondent.

THE COURT.—This is an appeal from a judgment of nonsuit.

The order of nonsuit was made on the second trial of the case after the reversal of a judgment for the plaintiffs entered on the same issues as are here presented. (*Davis* v. *Chipman*, 210 Cal. 609 [293 Pac. 40].)

■ The plaintiffs on this appeal contend that the additional evidence introduced, together with evidence offered and claimed to have been erroneously rejected by the court, entitle them to have the facts submitted to a jury. On the former appeal it was held that the plaintiffs, not having become licensed real estate brokers until long after the contract of sale of the land involved had been entered into on July 29, 1924, between the defendant, as trustee of the Phelps estate, as seller, and Virgil M. Price, as purchaser, were not entitled to recover a commission. The contract of employment, dated April 24, 1924, pursuant to which the plaintiff Davis on the former trial sought to prove his right to a commission, is quoted in the opinion in *Davis* v. *Chipman, supra,* at pages 612, 613.

All of the evidence introduced on the former trial was considered to be in the case on the second trial. The plaintiffs then introduced new documentary evidence, consisting of a contract dated May 21, 1924, made within the life of the option of April 24, 1924, by the defendant for the sale of the property to Thomas B. Dozier, Jr., but which was forfeited after the first payment of $1250 thereunder. The plaintiffs contend that the execution of this contract was an exercise of the option of April 24, 1924, the effect of which was to abrogate and extinguish both the option and commission agreements of April 24, 1924, and, together with other evidence offered by the plaintiffs, was sufficient upon which the jury could base a finding that a new oral agreement had been consummated whereby the plaintiff Davis became entitled to receive a commission from the defendant for introducing Virgil M. Price to him. The plaintiffs must necessarily concede that none of the testimony evidences an express oral agreement, but they base their contention on their claim that the jury could infer from the evidence received and the evidence offered and rejected that such an agreement had been effected.

The difficulty with the position taken by the plaintiffs is that writings offered or already in the record conclusively negative any such inference. In a letter to the defendant dated May 13, 1924, which was within the option period, the name of Virgil M. Price was submitted pursuant to the commission agreement as a person with whom the plaintiff Davis had been dealing for the sale of the property under

the option agreement. On July 11, 1924, and July 23, 1924, letters to the defendant furnished additional names of prospective purchasers, in the first one of which the name of Virgil M. Price also appeared. Both of the July letters expressly recognized that the names were furnished pursuant to the provisions of the commission agreement of April 24, 1924. The letter of July 30, 1924, to the defendant, signed by both plaintiffs, and stating the terms of payment of the commission on the sale to Price, can be considered in no other light than as an express modification of the commission agreement of April 24, 1924.

The court was justified in concluding that neither the new evidence admitted nor the evidence offered and rejected had any tendency, in view of the competent documentary evidence properly before the court, to prove that there existed between the parties any agreement for a commission other than that of April 24, 1924, as modified. We perceive no error in rejecting evidence offered by the plaintiffs for the purpose stated.

This court on the former appeal held that the plaintiffs were not entitled to recover on the agreement proved. Nothing new has been presented which would require a different result. The nonsuit was therefore properly ordered.

The judgment is affirmed.

Rehearing denied.